Den *v.* Shupe.

JOHN DEN on the demise of WILLIAM LAYTON v. RICHARD FEN, HENRY SHUPE, tenant in possession

The court will not permit a person to become a defendant in the action of ejectment, unless he shew a privity of interest, subsisting between him and the tenant in possession, when the action was commenced, and that his title was, at that time, consistent and connected with the possession of the tenant and liable to be divested or disturbed by a claim adverse to that possession.

*Vanarsdalen* read several affidavits, and moved that John Rutherfurd be admitted to defend without the tenant in possession, in the stead of the casual ejector. He cited *Adams on Eject.* 237 ; *Runnington* 105 ; *Stiles ads. Jackson,* 1 *Wend.* 319.

*Ryerson* opposed the motion. He insisted, that the affidavits showed only a claim of title on the part of the applicant, and no privity subsisting when this action was commenced. The title of the person, who may be admitted to defend, he said, must not only be consistent, but connected with the tenant's possession. *Fairclaim* v. *Shamtille,* 3 *Burr.* 1290 ; *Adams* 226 ; *Jackson* v. *McEvoy,* 1 *Caines,* 150 ; *Jackson* v. *Stiles,* 10 *John.*

EWING, C.J. By the provision contained in the practice act, the landlord or other proper person, may be permitted to become a defendant in the action of ejectment. The words "or other proper person," as they do not serve the purpose of definite description, were introduced, we may presume, to ensure the liberal construction which had extended the term landlord,

used in the English statute, beyond its strict import. The proper person was described by Lord Mansfield in *Fairclaim v. Shamtille*, 3 *Burr.* 1294, to be every person whose title is connected to and consistent with the possession of the occupier, and divested or disturbed by any claim adverse to such possession. And he remarked, that where there is a privity of interest, letting in the person behind, may operate to prevent treachery and confusion.

The cases of the heir of the original landlord, of the remainder man under the same title with the original landlord, of the devisee in trust, and of the mortgagee, who have all been admitted to defend, are in strict conformity with the explanation of the statute given by Lord Mansfield. The facts exhibited in *Stiles ads. Jackson*, 1 *Wend*, 316, cited on the present application, brought the infants who applied to defend, within the same description, which is there stated and adopted by the court.

In the case before us, John Rutherfurd, who moves to be permitted to become defendant, claims title to the premises, and shews that formerly, a person was in possession acknowledging him as owner and rendering satisfaction to him for the occupation. But in what manner, or by whom the possession has been held for a number of years, does not appear. Henry Shupe was in possession when this action was brought, but when, or in what manner, or under whom, he came there, is not shewn ; nor that then or at any previous time, he held under any agreement with John Rutherfurd, or even by his permission or consent.

Under these circumstances, we must consider the present applicant, upon the case presented by the affidavits he has brought before us, in the light of a stranger claiming title. He has not shewn a privity of interest subsisting between him and Shupe when the action was commenced, nor that his title was, at that time, consistent and connected with the possession of Shupe, nor liable to be divested or disturbed by a claim adverse to that possession.

The lease which has been produced between the present applicant and Shupe, was made after the declaration in this action had been served. Such a connection, subsequently formed,

cannot avail to change the situation of the parties at the time the action was instituted.

We are of opinion, therefore, that the applicant has not shewn himself to be the landlord or other proper person who is entitled to become defendant.

Motion overruled.

Same case 2 Gr. 497. CITED in Dew vs. Green, Spencer 173.